Dear Mr. Spruel:
You have requested an opinion of the Attorney General, in your capacity as General Counsel for the Calcasieu Parish School Board (Board), regarding the composition of the Board of Commissioners for the Chennault International Airport Authority (Authority). You specifically ask whether the Board may, by resolution, ordinance or policy, require that one of its two appointees to the Authority be a resident of either Ward 1, 2, 3 or 8.
In answer to your question, we refer you to R.S. 33:4710.2 which provides, in pertinent part, the following:
 § 4710.2. Creation of authority; territorial jurisdiction
 A. (1) The parish, city, and school board, and state board are authorized, upon their own joint initiative, to create by local services agreement and intergovernmental contract a special district which shall be designated as the Chennault International Airport Authority, and which shall be governed by a board of commissioners composed of seven members, two of whom shall be residents of either Ward 4, 5, 6, or 7 of Calcasieu Parish. In establishing the membership, there shall be at least two racial minority members, one of whom shall be selected and appointed by the city and one selected and appointed by the parish.
 (2) In addition to the provisions of Paragraph (1) of this subsection, the commission shall be composed and shall operate under the power and provisions:
 (a) (i) The commission shall be comprised of seven members who shall be appointed as follows:
 Two members appointed by the parish, one of whom shall be a resident of either Ward 4, 5, 6, or 7, two members appointed by the city, two members appointed by the school board, one of whom shall be a resident of either Ward 4, 5, 6, 7. The six members so appointed shall appoint by a majority vote a seventh member. . . .
We believe the following rules of statutory construction are controlling of this issue;
LSA-C.C. art. 9. Clear and unambiguous law
 When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.
 R.S. 1:3 Words and phrases; how construed
 Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. . . .
 R.S. 1:4. Unambiguous wording not to be disregarded
 When the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit.
A review of the verbiage in R.S. 33:4710.2 reveals that the Legislature was very specific as to the composition of the Board of Commissioners of the Authority. With specific reference to appointees of the Board, the Legislature mandated only that one of the two appointees be a resident of either Ward 4, 5, 6 or 7. There is no requirement, whatsoever, that the second appointee of the Board be a resident of either Ward 1, 2, 3 or 8.
In the absence of such a requirement, and in keeping with the rules of statutory construction set forth hereinabove, it is the opinion of this office that the Board may not, by resolution, ordinance or policy require that its second appointee be a resident of either Ward 1, 2, 3 or 8. Had the Legislature desired to impose such a requirement, or authorize the Board to do so, they could have so provided in Section 4710.2.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ____________________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/Rob3/cla
Date Received:
Date Released: October 21, 1998
Robert E. Harroun, IIIAssistant Attorney General